(27 Misc. Rep. 185.)

### BECK v. COOKE.

(City Court of New York, General Term. March 29, 1899.)

WITNESSES—COMPETENCY—ACTION AGAINST EXECUTOR.

A mortgagor, who has transferred his interest to a third person, against whose executor the mortgagee revives an action for conversion of the property, is incompetent to testify as to the transfer, since Code Civ. Proc. § 829, provides that a person through whom a party derives his interest cannot be examined in the latter's behalf in an action against the ex-ecutor of a decedent.

Appeal from trial term.

Action by George Beck against Sarah. E. Cooke, as executrix of the estate of Justus Cooke deceased. From a judgment for plaintiff, and an order denying her motion for a new trial, defendant appeals. Reversed.

Argued before McCARTHY, SCHUCHMAN, and OLCOTT, JJ.,

Benjamin & Loeser, for appellant.
Affell & Reid, for respondent.

McCARTHY, J. The complaint alleges that on August 22, 1894, one Sarah A. Holker was the owner of certain furniture, etc., which she on that day mortgaged to the plaintiff herein for a loan of $600, payable on demand; that on August 23, 1894, the chattel mortgage was duly filed in the New York county register's office; that $275 was paid on account of the loan, leaving $325 due; that, subsequent to the giving and filing of the chattel mortgage, said Sarah A. Holker sold, transferred, and delivered over said furniture covered by the said mortgage to the defendant, Justus Cooke, who then took possession thereof; that plaintiff made demand of said sum of $325 upon Mrs. Holker and Justus Cooke, but payment was refused, whereupon plaintiff made demand upon the same parties for possession of the furniture, which was refused; that thereupon Justus Cooke unlawfully sold and disposed of said furniture, and converted it to his own use, to plaintiff's damage $325. The defendant, Justus Cooke, died on November 23, 1896. This action was revived against his executrix. The answer is a general denial. The issues thus raised came on for trial on May 24, 1898, and the proofs adduced by plaintiff substantiated his cause of action as alleged. But the proofs of that part of plaintiff's cause of action relating to the sale and delivery of the furniture by Mrs. Holker to Justus Cooke, and to the latter's possession thereof, were furnished by the testimony of Mrs. Holker solely. She was called as a witness on behalf of plaintiff. She testified as follows: "In November, 1894, I called on Justus Cooke, and had a conversation with him, which related to the furniture covered by the chattel mortgage." (She then gives the conversation relating to the sale and delivery of the furniture by her to, and the taking possession thereof by, Justus Cooke.) All of which testimony was admitted over the objection and exception of defendant on the ground of incompetency under section 829 of the Code. This was error. Mrs. Holker is the person through whom the plaintiff herein derived his interest or title to the subject-matter of this action. She is therefore not a competent witness in behalf of the plaintiff, who succeeded to her title or interest, against the defendant, executrix of the deceased defendant, Justus Cooke, concerning a personal transaction or communication between her and the deceased.

Judgment and order appealed from reversed, with costs to appellant to abide the event. All concur.